IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
OCALA DIVISION

**JOSHUA FOSTER,**

    **Plaintiff,**

vs.                                               **CASE NO.:** _____

**LOVE CHEVROLET, INC.,**

    **Defendant.**

_____/

**COMPLAINT**

Plaintiff, JOSHUA FOSTER, by and through his undersigned attorneys, hereby sues the Defendant, LOVE CHEVROLET, INC., a foreign corporation and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Ocala Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

7. Plaintiff, JOSHUA FOSTER, is a resident of Hillsborough County, Florida.

8. Defendant, LOVE CHEVROLET, INC., is a Florida corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

9. Defendant, LOVE CHEVROLET, INC., is an employer as defined by the laws

under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

10. At all times material, Defendant, LOVE CHEVROLET, INC., acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

11. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began his employment with Love Chevrolet on or about December 13, 2018, as a Finance Director.

15. Plaintiff was a top performer and producer for the entire company, with no known write ups.

16. Shortly after Plaintiff began his employment, he began to endure derogatory comments which were directed at him and others (about him) by another Finance Director, Karen Gosse.

17. Ms. Gosse would accuse Plaintiff of being a thief and commented that Plaintiff was "shady" and would tell others "You have to watch those people." Plaintiff voiced his objections to Ms. Gosse and complained to Human Resources.

18. On several occasions, various sales employees and sales manager, Brendan Prue, would page over the PA system, "Dan to service or to the sales floor." Dan is an acronym for

"Dumb Ass Nigger." This was viewed by all as a joke.

19. On July 25, 2019, after the conduct did not stop, Plaintiff submitted a written complaint to HR and had multiple follow-up discussions with Jim Desanti from HR regarding the racial discrimination by Ms. Gosse's comments.

20. Prior to Plaintiff filing racial discrimination compliant with HR, he would arrive at work around 9:30 am due to his daughter's health condition which General Manger, Mike Crynock permitted.

21. Shortly afterwards, Mr. Crynock requested that Plaintiff start coming in early and began to write him up for being late. Whereas other white employees would arrive at 10 am and not reprimanded or required to come in early.

22. Ally, a company with whom the Defendant was partnered with to offer warranties to consumers, would pay the Finance Manager $50 for each contract sold. Mike Crynock would take those payments from Plaintiff and refused to pay him. However, a former Finance Manager, Brendan Prue, who is white, informed Plaintiff that he always received the payment when he was Finance Manager.

23. General Sales Manager, Brendan Prue, the Sales Manager, Jeremy Lansing, and General Manager, Michael Crynock, were all provided demo vehicles to drive. Jeremy Lansing was even allowed to gas his vehicle at the company's private on-site gas pump. They are all white; when Plaintiff asked for a demo vehicle he was denied.

24. Multiple white employees purchased vehicles from the dealership and were not charged a dealer fee. Plaintiff purchased two used vehicles and was charged a dealer fee for both. Another African American employee, Cleveland Gilbert, was also charged a dealer fee.

25. On January 15, 2020, Plaintiff was terminated for selling a specific warranty which other white sales employees were selling and not terminated.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

26. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 25.

27. Plaintiff is a Black male.

28. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

29. Defendant knew, or should have known of the discrimination.

30. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, JOSHUA FOSTER, demands a trial by jury and judgment against Defendant, LOVE CHEVROLET, INC. for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT - RACE DISCRIMINATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 25.

32. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

33. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act.

34. Defendant knew, or should have known of the discrimination.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. For costs and attorney's fees;

   g. Injunctive relief;

   h. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, JOSHUA FOSTER, demands a trial by jury and judgment against Defendant, LOVE CHEVROLET, INC. for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

36. Plaintiff, JOSHUA FOSTER, requests a jury trial on all issues so triable.

**DATED** this 20th day of October 2020.

> **FLORIN GRAY BOUZAS OWENS, LLC**
>
> */s/Christopher D. Gray*
> **CHRISTOPHER D. GRAY, ESQUIRE**
> Florida Bar No.: 902004
> Primary:  chris@fgbolaw.com
> Secondary:  debbie@fgbolaw.com
> **WOLFGANG M. FLORIN, ESQUIRE**
> Florida Bar No.: 907804
> wolfgang@fgbolaw.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 254-5255
> Facsimile (727) 483-7942
> Attorneys for Plaintiff